9 F.3d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lynn PHILLIPS, Defendant-Appellant.
 No. 92-6496.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1993.
 
 Before: MARTIN and NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Lynn Phillips appeals the sentence he received after pleading guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and one count of concealment and storage of stolen firearms, in violation of 18 U.S.C. § 922(j). Phillips claims that the district court incorrectly calculated his base offense level under section 2K2.1 of the Sentencing Guidelines. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 On November 3, 1991, Robert Phillips escaped with another inmate from the Blackburn Correctional Complex in Lexington, Kentucky where he was serving a state sentence on charges of burglary, receiving stolen property, and trafficking in a controlled substance. In Lexington, Phillips and his accomplice discovered a parked, unlocked van. While canvassing the van for cash or pawnable items, the men found two guns--a revolver and a semi-automatic rifle. Taking the guns, Phillips and his cohort subsequently located a Mercedes automobile with the keys in the ignition and stole the car. The men were arrested on November 4 after a member of the Bullitt County, Kentucky Sheriff's Department identified the Mercedes as stolen. The guns were recovered during a search incident to the arrests.
 
 
 3
 A grand jury returned a two-count indictment against Phillips and the codefendant on June 1, 1992. The indictment charged Phillips with one count of being a felon in possession of a firearm and one count of concealment and storage of stolen firearms. On August 20, Phillips entered into a plea agreement with the government pursuant to FED.R.CRIM.P. 11(e)(1)(B), in which the government agreed to recommend a sentence at the low end of the sentencing range and not to oppose a reduction for acceptance of responsibility.
 
 
 4
 At sentencing, the government argued, and the district court agreed, that Phillips' base offense level was properly set at twenty-four pursuant to section 2K2.1(a)(2) of the Sentencing Guidelines. Under this section, a defendant's base offense level equals twenty-four "if the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). To support the application of subsection (a)(2), the district court noted that Phillips had been convicted of numerous Kentucky felony offenses in Nelson Circuit Court on May 15, 1991. In particular, Phillips pled guilty to five counts of burglary, two counts of receiving stolen property, and one count of trafficking in cocaine. He was subsequently sentenced to concurrent terms of twelve years imprisonment.
 
 
 5
 Phillips objected to the Guidelines calculations, contending that his base offense level should be set at twenty under section 2K2.1(a)(4)(A), rather than twenty-four under section 2K2.1(a)(2). Noting that application note 5 to section 2K2.1 refers to section 4B1.2 for the definition of "prior felony conviction(s)," Phillips maintained that his eight Kentucky felony convictions were properly counted as a single sentence under the provisions of subsections 4A1.1(a), (b), and (c). Accordingly, Phillips claimed that he did not have the "two prior felony convictions" necessary to support a base offense level of twenty-four.
 
 
 6
 In denying Phillips' motion, the district court noted that the commentary to section 2K2.1 referred only to section 4B1.2(1) and (2) for definitions, but did not refer to subsection (3)'s definition of "two prior felony convictions." The court pointed out that the commentary instead referenced application note 3 of section 4B1.2, which defines "prior felony conviction" differently than section 4B1.2(3) defines "two prior felony convictions." Finding that the additional point assessed to Phillips under section 4A1.1(f) for multiple related offenses represented an additional prior felony conviction for purposes of section 2K2.1, the district court thus held that Phillips did have the requisite two prior felony convictions to support a base offense level of twenty-four. Accordingly, the district court found the Guideline range to be 92 to 115 months and sentenced Phillips to concurrent terms of 92 months imprisonment. This timely appeal followed.
 
 
 7
 Phillips contends that the district court improperly applied the Sentencing Guidelines in computing his base offense level. In support of this contention, Phillips again argues that his Kentucky felony convictions should be treated as a single offense, thus precluding application of section 2K2.1(a)(2). We do not agree.
 
 
 8
 Phillips pled guilty to eight separate felony charges in Nelson Circuit Court on May 15, 1991. While these cases were consolidated for sentencing, Phillips received a state sentence that ranged from five to twelve years imprisonment for each offense. In determining Phillips' criminal history category, the district court thus assessed three points pursuant to section 4A1.1(a) for the burglary charges and added a point for the related drug trafficking offense. See U.S.S.G. § 4A1.1, comment. (n. 6). In sum, Phillips received points under section 4A1.1 for two convictions: burglary and drug trafficking. Section 2K2.1(a)(2)'s requirement of "two prior felony convictions" has accordingly been satisfied. See U.S.S.G. § 2K2.1, comment. (n. 5). The district court, therefore, properly calculated Phillips' base offense level.
 
 
 9
 For the foregoing reasons, the district court is affirmed.